## City of New Orleans *v.* Mrs. A. Lesseps.

Although the Act of the Legislature has not declared that the delivery of the tax roll should have
the force and effect of a final judgment, yet a party who has not made an effort to have the er-
rors corrected, in the manner indicated by the Act, and seeks to go behind the assessment roll,
should show some valid reason why he did not make an attempt to have it corrected, while it
was subject to correction; and, moreover, not only show that there has been an error made to
his prejudice, but also show the precise amount he is entitled to have deducted on account of
such error.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J.
*Heistand & Levy*, for plaintiffs. *Seghers*, for defendant and appellant.

Merrick, C. J.* If it be admitted that a party who has made no objection
to the assessment roll, previous to its homologation, can show gross error in it,
when sued for his taxes, it by no means follows that the tax roll should not
have the same force against him as any other obligation, and that when he
alleges errors, he should be held to show those of a grave character, and es-
tablish them by conclusive proof.

In this case, there is no proof that the sixteen negroes which were removed
from the city, are the only ones belonging to the defendant; neither is there
any testimony to show the amount that the assessment should be reduced,
where the property is alleged to be rural. The assessment roll is, by law, de-
livered on the first Monday of October of each year, by the Board of Asses-
sors, to the Recorder of the district in which the property is situated. Due
publication is then made of this fact, and for thirty days thereafter any person
aggrieved by the assessment may make an appeal in writing, stating particular-
ly the correction desired. The Recorder, Justice or Parish Recorder there-
upon, has the power to correct any errors and reduce the amount of the assess-
ment, upon notifying and conferring with the Assessor. Acts 1850, p. 136.
Acts 1855, pp. 511, 510. After the expiration of the thirty days publica-
tion, the assessment roll is delivered, and it is no longer in the power of the
tax payers to cause corrections to be made. Besides the privilege of giving in
the property under oath, the Legislature has, therefore, provided for the tax
payer, a ready and convenient mode for the correction of errors in the assess-
ment of taxes, and if parties, who have property within the district where the
assessment is made, do not choose to attend at the proper office, in order to
have the errors corrected, they can hardly expect the courts to be more vigi-
lant to protect their rights, than they have shown themselves.

*Vigillantibus et non dormientibus jura subveniunt.*

Although the Act of the Legislature has not declared that the delivery of
the tax roll shall have the force and effect of a final judgment, yet, we think,
that a party, who has not made an effort to have the errors corrected before
the Recorder, and who would go behind the assessment roll, should show
some valid reason why he did not make an attempt to have it corrected, while
it was subject to correction; and, moreover, not only show that there has been
an error made to his prejudice, but also show the precise amount he is entitled
to have deducted on account of such error. Where tax payers are unwilling

---

*In the *City of New Orleans* v. *Poutz*, the same questions were involved and decided as in this
case, in April, 1856.

NEW ORLEANS
*v.*
LESSEPS.

and neglect to attend to the correction of the tax roll in the districts where they hold property in the city, the presumption is, that they are indifferent to the valuation of their property, as well as to the quantity which may be assessed in such district in their names. *Prima facie*, it is an assent to, and acquiescence in the tax roll as delivered.

The defendant, in this case, has failed to show that she made any effort through her husband, or otherwise to have the tax roll corrected; that she had not sixteen other negroes, besides those sent to *Mr. Soulé's* plantation, and has failed to prove the amount which should be deducted on account of the alleged rural property; she is, therefore, without defence to this action.

Judgment affirmed.